UNITED STATES DISTRICT COURT
for the
District of Montana
Billings Division

Case No. CV-24-140-BLG-TJC

Jury Trial: *(check one)* Yes ☐   No ☒

**MAHAN, John M.**
2413 N 5th Rd
Huntley, MT, 59037

*Plaintiff.*

**-v-**

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**
5900 Capital Gateway Dr.
Camp Springs, MD 20588-0009

AND,

**JADDOU, Ur M.**
In her official capacity as Director,
United States Citizenship and Immigration Services;
5900 Capital Gateway Dr.
Camp Springs, MD 20588-0009

*Defendants.*

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**

## INTRODUCTION

1. Beginning in June 2022 and continuing through March 2023, John Marvin Mahan (Plaintiff or Mr. Mahan) filed sponsorship requests on behalf of 17 Ukrainians under the U.S. "Uniting for Ukraine" immigration program (requests). These requests were submitted on behalf of Ukrainian

citizens seeking to come to the United States for humanitarian reasons.

2. Mr. Mahan was motivated by his deep personal connection with the beneficiaries, as he visited Ukraine multiple times and he met many Ukrainians, some of whom have become close friends. Plaintiff witnessed the immense suffering caused by the ongoing war. He has maintained constant communication with his Ukrainian friends and has provided financial support, witnessing firsthand their struggles to survive under extreme conditions, including missile strikes, lack of access to essential resources, and daily fears for their safety. Mr. Mahan has not visited Ukraine since January 2022, just before the war escalated in February 2022.

3. 6 of these requests were promptly adjudicated and approved by Defendant United States Citizenship and Immigration Services (USCIS). The remaining 12 have languished, undecided, for between almost 18 months and 26 months. Plaintiff brings this action against USCIS and its director Ur Jaddou (Defendants) to compel adjudication of these 12 pending requests, which have been unreasonably delayed, causing significant hardship and distress to Plaintiff, the Ukrainian beneficiaries, and their families.

4. Despite the passage of up to 18 months since submission, none of the requests have been adjudicated. The USCIS has cited prolonged background checks as the reason for the delay. The Plaintiff's cases include requests submitted as early as June 17, 2022, and as recently as March 16, 2023.

5. The affected Ukrainian beneficiaries, all of whom seek urgent humanitarian relief, are experiencing severe emotional and practical difficulties due to these delays. As Ukrainians living in a war zone, they face daily threats to their lives due to the ongoing conflict between Russia and Ukraine, which started on February 27, 2014, and had a major escalation on February 24, 2022,

when Russia invaded Ukraine. The war has resulted in widespread violence, instability, and humanitarian crises, further exacerbating the urgency of their situation.

6. Plaintiff contends that the Defendants' failure to act on these requests within a reasonable time frame violates the Administrative Procedure Act (APA) and warrants equitable relief under the Mandamus Act.

7. Given the undue delay in processing these requests, Plaintiff seeks judicial intervention to compel USCIS to adjudicate these pending requests without further delay.

8. Plaintiff seeks an order from this Court compelling the Defendants to issue decisions on the pending Form I-134 and I-134A requests promptly.

## JURISDICTION

9. Jurisdiction in this case is proper pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (mandamus). Sovereign immunity is waived pursuant to 5 U.S.C. § 702.

## VENUE

10. Venue is proper in the District of Montana under 28 U.S.C. §§ 1391(e), as the Plaintiff resides in the State of Montana, no real property is involved, and the claim is against an agency of the United States and officials of the United States acting in their official capacity. The Plaintiff resides in Yellowstone County, and thus Billings is the proper Division of this Court.

## PARTIES

11. Plaintiff, John Marvin Mahan, is a United States citizen residing in Montana. Plaintiff is the individual bringing this action to compel the adjudication of five Form I-134 and seven I-134A requests under the United for Ukraine Humanitarian Parole program, which have been unreasonably delayed by the Defendants.

12. Defendant USCIS is a federal agency under the Department of Homeland Security responsible for overseeing lawful immigration to the United States. USCIS is tasked with processing and adjudicating requests for various immigration benefits, including Forms I-134 and I-134A under the Uniting for Ukraine program. USCIS is an "agency" within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. § 551(1).

13. Defendant Ur. M. Jaddou is the Director of USCIS. Defendant Jaddou is sued in her official capacity. As the Director of USCIS, Defendant Jaddou is responsible for the administration of immigration services and benefits, including the adjudication of Forms I-134 and I-134A requests. 8 C.F.R. § 100.1.

## LEGAL BACKGROUND

14. The Uniting for Ukraine program allows Ukrainian citizens to be paroled into the United States for urgent humanitarian reasons or significant public benefit. This authority is granted by the Immigration and Nationality Act (INA) § 212(d)(5)(A).

15. To be eligible for parole under this program, the Ukrainian citizen must be sponsored by either a U.S. citizen, a lawful permanent resident (LPR), an individual in lawful status in the United States, a parolee, or a beneficiary of deferred action or Deferred Enforced Departure (DED).

16. Although the Uniting for Ukraine program allows for the parole of Ukrainian citizens into the United States and stays for 2 years for urgent humanitarian reasons, this parole does not provide a direct path to LPR status. Parole is a temporary measure that permits individuals to enter and remain in the United States without being formally admitted under immigration law. Beneficiaries of the Uniting for Ukraine program may seek other immigration avenues, such as asylum or family-based petitions, in order to adjust their status to LPR. However, parole alone does not confer any right or guarantee of permanent residency. This program does, however, allow beneficiaries to apply for re-

parole for an additional two years, providing a temporary extension of their stay while they pursue other possible legal options.

17. The intending sponsor must file a Form I-134 or Form I-134A with USCIS. On these forms, the sponsor provides information regarding their financial resources, ability to support the beneficiary, and personal details such as employment and income, demonstrating both his legal status in the United States and his willingness and ability to accept, maintain, and provide support for the noncitizen he sponsors.

18. While Form I-134 has historically been used by sponsors to demonstrate their financial ability to support individuals seeking entry into the United States, USCIS introduced Form I-134A specifically for the Uniting for Ukraine program and some other humanitarian parole programs. This new form is submitted online through the USCIS portal and is tailored to streamline the sponsorship process for those seeking to support Ukrainian beneficiaries under the special humanitarian parole program. The use of Form I-134A was intended to facilitate quicker processing and digital submission, responding to the urgent humanitarian needs created by the conflict in Ukraine.

19. Part of the process for the adjudication of I-134 and I-134A is verifying the supporter's eligibility and conducting background checks to ensure they meet the necessary criteria to financially support the Ukrainian beneficiaries. The U.S. government conducts these background checks to protect against exploitation and abuse and to confirm the sponsor's capacity to fulfill their obligations under the program. Only after the sponsor has been verified and found eligible can the Ukrainian beneficiary's case proceed. Although no specific timeframe is provided for the completion of these checks, the sponsor's approval is a crucial step before any further action can be taken on the beneficiary's application.

## **FACTUAL ALLEGATIONS**

20. Plaintiff, John Marvin Mahan, is a United States citizen and the owner of a ranch in Huntley, Montana. He filed a total of 18 I-134 and I-134A requests on behalf of Ukrainian citizens who were facing humanitarian crises in Ukraine and sought parole in the United States.

21. He was motivated to sponsor these individuals due to his desire to provide a safe haven for his Ukrainian good friend Hanna Yuriivna Kozhenovska, friends, and their children, offering them a chance to escape the war and build better lives in the United States. Mr. Mahan, who owns five vacant homes on his farm properties, is prepared to offer these homes to his friends and their families. He seeks nothing in return and only wishes to help them escape the ongoing conflict and find peace and security away from the turmoil in Ukraine.

22. Of the 18 requests submitted, only 6 were approved. One of these, the request for Tetiana Shyshmanian (receipt number IOE9296883618), was processed and approved by USCIS just 5 days after submission. Plaintiff filed this request on August 25, 2022, and it was approved on August 30, 2022, with travel authorization granted. However, Tetiana Shyshmanian chose not to use the authorization to travel to the United States, as she decided to wait for her son, who had not yet received his travel authorization. Her authorization expired on November 30, 2022, prompting the refiling of I-134A requests for both her and her son, Stefan Shyshmanian. This refiled request is still pending.

23. There is a total of 12 pending I-134 and I-134A requests. Mr. Mahan submitted the first of these on November 23, 2022, and the last on March 16, 2023. These cases are still awaiting approval from USCIS, causing significant delays for the beneficiaries. The pending requests include:

   a. Hanna Yuriivna Kozhenovska: I-134 submitted on 11/23/2022, receipt number:

      IOE9619269495.

   b. Viktoriia Volodymyrivna Hryhorchuk: I-134 submitted on 11/23/2022, receipt number: IOE9431735692.

   c. Pavlo Volodymyrovych Hryhorchuk: I-134 submitted on 11/23/2022, receipt number: IOE9879203259.

   d. Anastasiia Volodymyrivna Hryhorchuk: I-134 submitted on 11/23/2022, receipt number: IOE9338951307.

   e. Petro Volodymyovych Hryhorchuk: I-134 submitted on 11/23/2022, receipt number: IOE9495552954.

   f. Oksana Kovshova: I-134A submitted on 1/26/2023, receipt number: IOE9841346380.

   g. Olena Romanchuk: I-134A submitted on 1/26/2023, receipt number: IOE9794537525.

   h. Liudmyla Lavrus: I-134A submitted on 1/26/2023, receipt number: IOE9273829886.

   i. Tetiana Shyshmanian (refile) (A-231887990): I-134A submitted on 2/1/2023, receipt number: IOE9317953070.

   j. Stefan Shyshmanian: I-134A submitted on 2/1/2023, receipt number: IOE9484975213.

   k. Liudmyla Chemolosova: I-134A submitted on 2/7/2023, receipt number: IOE9332401144.

   l. Hanna Cherniakova: I-134A submitted on 3/14/2023, receipt number: IOE9037117605.

24. For each of the pending 12 requests, USCIS sent Mr. Mahan a receipt notice. Having heard nothing beyond the receipt notice for any of these 12 requests by May 1, 2023, Plaintiff sought assistance from Congressman Matt Rosendale's office to follow up and ascertain the status of the requests.

25. Kelly Cotton, on behalf of Congressman Matt Rosendale, has been in regular communication with USCIS regarding the status of John Mahan's I-134 and I-134A requests under the Uniting for

Ukraine program. These requests have experienced significant delays, prompting multiple follow-up inquiries by Ms. Cotton and responses from USCIS.

26. On May 4, 2023, Ms. Cotton initiated inquiries with USCIS regarding the status of seven I-134 and I-134A requests submitted by John Mahan. USCIS acknowledged receipt of the inquiries and confirmed that the cases were still pending review.

27. Further updates from July 11, 2023, indicated that these I-134 and I-134A cases were under background checks, with no specific timeframe for completion provided by USCIS.

28. In October 2023, Ms. Cotton continued to monitor the cases, receiving confirmation that the requests were pending background checks and final review, with USCIS unable to provide a definitive timeline for completion. It was reiterated that the cases remained under discretionary review and that inquiries should be spaced at least 180 days apart.

29. Despite the passage of more than 180 days, Plaintiff has not received any further notice or updates from USCIS regarding the status of the requests.

30. 22 months since submission, none of the requests have been adjudicated. The USCIS has cited prolonged background checks as the reason for the delay.

31. The affected applicants, all of whom seek urgent humanitarian relief, are experiencing severe emotional and practical difficulties due to these delays. As Ukrainians living in a war zone, they face daily threats to their lives due to the ongoing conflict between Russia and Ukraine, which resulted in a war that began on February 24, 2022.

32. Plaintiff contends that Defendants' failure to act on these requests within a reasonable timeframe violates the APA and/or warrants relief under the Mandamus Act.

33. Given the undue delay in processing these requests, Plaintiff seeks judicial intervention to compel the USCIS to adjudicate these pending requests without further delay.

## **CLAIMS FOR RELIEF**

## **COUNT ONE**

### **(Mandamus)**

34. Plaintiff re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

35. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

36. A court may grant a mandamus under the following conditions: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Baptist Memorial Hospital v. Sebelius*, 603 F.3d 57 (D.C. Cir. 2010) (internal quotation marks omitted).

37. In this regard, Plaintiff has a clear right to a timely adjudication of the I-134 and I-134A requests.

38. While the determination of whether to grant humanitarian parole lies within the discretionary authority of the Defendant, it is equally true that the Defendant has a nondiscretionary obligation to adjudicate the I-134 and I-134A forms within a reasonable timeframe.

39. The decision of whether a sponsor meets the qualifications, as outlined in the I-134 and I-134A forms, is not discretionary, as it involves determining the sponsor's eligibility and financial capacity. This process should not be delayed, even though the ultimate decision regarding the parole requests of the Ukrainian beneficiaries remains discretionary.

40. No other adequate remedy is available to Plaintiff to compel the adjudication of these requests.

41. Plaintiff seeks an order from this Court compelling the Defendants to issue decisions on the pending Form I-134 and I-134A requests promptly.

## COUNT TWO

### (Violation of the APA, 5 U.S.C. § 701 et seq)

42. Plaintiff realleges paragraphs 1 through 33 and incorporates them by reference as if set forth fully herein.

43. The APA requires that "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b).

44. Pursuant to 5 U.S.C. § 706(1)(A), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

45. Defendants have failed to adjudicate Plaintiff's I-134 and I-134A requests within a reasonable time in violation of § 706(1)(A).

46. Defendant's failure to adjudicate Plaintiff's I-134 and I-134A requests within a reasonable time has caused undue hardship and distress to the beneficiaries and their families.

## PRAYER FOR RELIEF

47. Wherefore, Plaintiff respectfully requests that this Court:

   a) Assume jurisdiction and maintain continuing jurisdiction of this cause;

   b) Enter declaratory judgment concluding that Defendants' delay in adjudicating Plaintiff's I-134 and I-134A requests, corresponding to receipt numbers IOE9619269495, IOE9431735692, IOE9879203259, IOE9338951307, IOE9495552954, IOE9841346380, IOE9794537525, IOE9273829886, IOE9317953070, IOE9484975213, IOE9332401144, and IOE9037117605, is unreasonable under the APA, 5 U.S.C. § 706(1);

   c) Order Defendants to adjudicate Plaintiff's I-134 and I-134A requests, corresponding to the aforementioned receipt numbers, within 30 days of the Court's order;

10

d) Award Plaintiff attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other basis justified under the law; and

e) Grant any further relief this Court deems just and proper.

Respectfully submitted this 18th day of September 2024

/s/Christopher Flann
Christopher Flann
MT Bar No. 4456
IMMIGRATION LAW OF MONTANA, P.C.
8400 Clark Road
Shepherd, MT 59079
Telephone: (406) 373-9828
Facsimile: (406) 373-9827
E-mail:  flann@ilomt.com
Attorney for PLAINTIFF